## No. 813

### HILLS v. GRAVES, et.

Ohio Appeals, 9th Dist., Lorain Co.

No. 431. Decided Oct. 20, 1927.

**First Publication of this Opinion.**

Syllabus by the Court.

**1040. RESTRICTIONS—997. Real Estate—**
1. Where a restrictive covenant is inserted in a conveyance for the benefit of contiguous or neighborhood lands which the grantor retains, or in pursuance of a general scheme for the benefit of all the lots embraced in such scheme, such grantor, so long as he retains any of the lots or lands to be benefited by such covenant, may enforce the same without proving that a violation of the covenant would result in actual damage to him.

2. Where an owner of a number of lots conveyed them separately, by deeds imposing certain restrictions in accordance with a general scheme, and still owns some of the lots embraced in the scheme, more acquiescence in trivial and technical breaches of the restrictions by purchasers, which are not such as to substantially defeat the object of the general scheme or indicate an intention to abandon it, will not defeat the owner's right to enforce such restrictions.

Appeal from Common Pleas.
Decree for plaintiff.

Glitsch & Stack, Lorain, for Hills.
Bryon D. Kuth, Cleveland, and H. C. Cheney, Elyria, for Graves, et.

### STATEMENT OF FACTS.

Percy G. Hills purchased a farm, and in 1919, he filed, in the recorder's office, a plat dividing said farm into small lots, except the part where the farm barn was located, which lot contained about three acres.

There was nothing on the plat to indicate that Mr. Hills intended to restrict all, or any part, of said territory, and the lots were sold upon land contracts, which contained no specific reference to restrictions.

His plan was to set aside two lots for commercial purposes and to temporarily devote the barn lot to commercial purposes, and to restrict all the other lots by uniform restrictions. The two lots that he selected for commercial purposes were on the very edge of the allotment, and one of them was triangular in shape. These two lots were sold without restrictions and the barn was converted into an amusement hall and rented for that purpose. He testified that his plan was, and still is, to subdivide the 3 acre barn lot into smaller lots and sell the same, restricting them the same as the other lots.

More than a thousand of these lots have been sold and conveyed, and many other lots have been sold on land contract. All the deeds contained said restrictions.

Mr. Hills sold lot No. 153 to the defendant Graves, and the two lots which he set aside for commercial purposes to Mr. Depslaf.

A chain store company desired a store in the allotment, and, in August 1925, asked Mr. Hills to consent to such a store being built on Mr. Graves' lot, which request was denied.

However, Mr. Graves proceeded with his plans to build a store on his lot, and started the same in February, 1926, observing said restrictions as to not building within twenty feet of the front line of his lot. Within a short time after Mr. Hills learned that said building was being constructed, he brought this suit to enjoin Mr. Graves from using or permitting said premises being used for commercial purposes.

As a defense to this action, Mr. Graves claims that Mr. Hills' transactions, in reference to the Depslaf lots and the barn lots, are such as to defeat his right to insist upon the enforcement of the restrictions in reference to Graves' lot.

The following is taken, verbatim, from the opinion.

### OPINION OF COURT.
WASHBURN, PJ.

While the deeds containing the restrictions which are the subject of this lawsuit do not contain any reference to any general scheme of restrictions, nor to other lots, nor bind Mr. Hills to insert such restrictions in the deeds conveying other lots in the allotment, we find that Mr. Hills did adopt a general scheme of restrictions.

Mr. Graves claims that he did not know of said scheme of restrictions and did not know that his deed contained any restrictions, but he was bound to know what his deed contained, and it is evident, from the evidence, including statements of counsel, that at the time he started the construction of his building he knew of the restrictions in his deed and of transactions of Mr. Hills in reference to the Depslaf lots.

Defendant Graves further claims that several of the purchasers of lots in said allotment have violated said restrictions by devoting their properties to commercial purposes, and that the character of said allotment is substantially changed, and therefore that said restrictions are no longer applicable nor enforceable.

As to this claim, we find that there has been no such change as to warrant such conclusion, and that the violations of said restrictions were not such as to substantially defeat the object of the scheme or indicate an intention to abandon it, but were technical and trivial and without consent or knowledge of Mr. Hills, and that, therefore, said claim of Mr. Graves constitutes no defense to this action.

The record discloses that Mr. Hills is still the owner of a part of the dominant land, for the benefit of which the covenant was made, and, under such circumstances, the covenant being made by him, he can enforce the same without proof that he would be damaged by the violation of the covenant; but, if proof of damage was requisite, the record furnishes such proof in this case.

On the cross petition of Mr. Graves, asking for a reformation of the deed to his lot by striking out a part of said restrictions, we find in favor of Mr. Hills, and a decree may be drawn enjoining the defendants from using said building or premises, or permitting the same to be used, for commercial purposes.

(Funk, J., and Pardee, J., concur.)